O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GUILLERMO BARRIOS, | ) | CASE NO. CV 07-04236 (RZ) |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

For the third time, Plaintiff seeks review of the decision by the Commissioner of Social Security, denying his application for disability benefits. After the first decision, the parties stipulated that the matter be remanded. [AR 340] After the second denial, the Court remanded with an opinion, in which the Court rejected Plaintiff's contentions that the Commissioner should have found a severe mental impairment, and that the Commissioner wrongly found Plaintiff not fully credible; but the Court also found that the decision was unclear in its treatment of differing medical opinions. [AR 433] In this lawsuit challenging the third denial, Plaintiff makes two arguments.

First, Plaintiff argues that he should be deemed disabled by a proper application of the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix II ("the grids"). The Administrative Law Judge applied Rule 201.21, which, for a person of Plaintiff's age, dictates a finding of "not disabled" if a person is a high school graduate

1 or has more education, and his previous work experience, whether skilled or unskilled, is
2 not transferable.  Plaintiff asserts that the correct rule instead is 201.17, which directs a
3 finding of "disabled" for a person of Plaintiff's age.  The difference is that the rule Plaintiff
4 addresses requires that Plaintiff be illiterate or unable to communicate in English.

5        There is no doubt that Plaintiff can communicate in English.  However, since
6 the rule uses the word "or," it would apply if Plaintiff were illiterate, even if he could
7 communicate in English.  The regulations define illiteracy as "the inability to read or write.
8 We consider someone illiterate if the person cannot read or write a simple message such
9 as instructions or inventory lists even though the person can sign his or name.  Generally,
10 an illiterate person has had little or no formal schooling." 20 C.F.R. § 404.1564(b)(1).  The
11 Ninth Circuit has interpreted this rule to mean that "illiterate" means illiterate in English.
12 *Silveira v. Apfel*, 204 F.3dd 1257, 1261 (9th Cir. 2000).  Thus, the question is whether
13 Plaintiff can read or write English.

14        In his memorandum to this Court, Plaintiff states that he "can understand and
15 speak some English, but that he cannot read or write in English.  A.R. 127 and 482."  The
16 first reference, to page 127 of the transcript, does not support that proposition.  That page
17 simply indicates that Plaintiff's wife helped him fill out the form about his daily activities.
18 The second reference, to page 482 of the transcript, shows Plaintiff answering his lawyer's
19 questions, and testifying that he cannot write in English, including that when he took his
20 GED, he wrote in Spanish, and that he takes job applications home to have his wife help
21 him complete.

22        The record establishes, however, that Plaintiff *can* read English.  On the same
23 Daily Activities form which Plaintiff references to this Court, Plaintiff stated that he reads
24 newspapers in English and Spanish. [AR 124]  Plaintiff's wife, who filled out a separate
25 form herself, confirmed that Plaintiff reads the [presumable Orange County] *Register*. [AR
26 131]  Plaintiff described some of his previous work as "sales, enroll clients to HMO &
27 complete forms & record interview and plan explanation" [AR 102; *see also* AR 103], a
28 description which implies the ability to *both* read *and* write in English.  In short, the record

1 is clear that Plaintiff can read English, and there is some evidence that he can write in
2 English, and thus substantial evidence supports the Administrative Law Judge's decision
3 to classify Plaintiff as an individual with a high school education or greater, and not to
4 classify Plaintiff as being illiterate. The Administrative Law Judge's classification, in turn,
5 made his use of Rule 201.21 appropriate, and that rule dictated a finding of "not disabled."

6       The second argument Plaintiff advances concerns the medical expert. At the
7 prior hearing, the medical expert described a residual functional capacity which would have
8 precluded complete reliance on the grids, because it would have imposed non-exertional
9 limitations. [AR 299] The medical expert did not examine Plaintiff, however, but instead
10 relied on his records and the examinations of Plaintiff's treating physician. The treating
11 physician, in turn, had given two different evaluations, one which mentioned no non-
12 exertional limitations, and one which contained some non-exertional limitations. Since the
13 medical expert's opinion was derivative of the treating physician's opinion, it was unclear
14 whether the Administrative Law Judge was justified in relying on the treating physician's
15 opinion which mentioned no non-exertional limitations, rather than the medical expert's
16 opinion contained exertional limitations. The Court remanded so that the Administrative
17 Law Judge could determine how to assess the medical opinions. [AR 435-36]

18       On remand, the Administrative Law Judge relied on the earlier opinion of the
19 treating physician, which imposed no non-exertional limitations. He did so because the
20 earlier opinion was in 1996, and the later opinion in 2003, after Plaintiff experienced
21 further deterioration. Since Plaintiff's period of Title II coverage ended in 1999, and there
22 was no evidence of the kind of deterioration prior to that time which justified the later 2003
23 opinion, the Administrative Law Judge relied on the earlier opinion. [AR 403] It is the
24 province of the Administrative Law Judge to resolve conflicts in the medical evidence,
25 *Batson v. Commissioner*, 359 F.3d 1190, 1195 (9th Cir. 2004), and the Administrative Law
26 Judge was justified in doing so.

27       There being no error in law, and the Commissioner's decision being backed
28 by substantial evidence, the decision is affirmed.

DATED: April 21, 2008

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

-4-